# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

gr-392.com

| | |
|---|---|
| **JOSE LUIS NOBLE** <br><br> **PLAINTIFF** <br><br> V. <br><br> **ARAMARK CLEANROOM SERVICES PR, INC.** <br><br> **DEFENDANTS** | **CIVIL NO: 2016 - 1437** <br><br> **PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

**TO THE COURT:**

    **COMES** now **PLAINTIFF** through the subscribing Attorney, who very respectfully alleges and prays:

1. At all times herein mentioned, the **PLAINTIFF** is a citizen of the Commonwealth of Puerto Rico.

2. **DEFENDANT ARAMARK CLEANROOM SERVICES, PR** (**Aramark**) is a corporate entity duly organized and existing pursuant to the Laws of the Commonwealth of Puerto Rico, entity dedicated to the cleaning of clothing and related items, in the Commonwealth of Puerto Rico. The **DEFENDANT** was the **PLAINTIFF'S** employer.

3. **DEFENDANT Aramark** is considered a 'person' within the meaning of Title 29, Section 630 of the Age Discrimination in the Employment Act, **29 U.S.C.**

**§630**. The **PLAINTIFFS** have been discriminated while employed by the **DEFENDANT**, practice prohibited by the Age Discrimination in the Employment Act (**ADEA**), **29 U.S.C. §§623, et. seq.**, and by Title VII of the Civil Rights Act of 1964, **42 U.S.C. §2000e**, **29 L.P.R.A. §155(a)-(l)**, and others and by Law 100 of the Commonwealth of Puerto Rico, **29 L.P.R.A. §§1323-1333, et. seq**.

4. **DEFENDANT Aramark** has **fifteen** (**15**) or more employees for which reason is considered an employer pursuant to the **Age Discrimination in Employment Act** (**ADEA**).

## FIRST CAUSE OF ACTION

5. This is an action for damages brought by the **PLAINTIFF**S against the **DEFENDANTS** for the violation of the constitutional rights of the **PLAINTIFFS** by the **DEFENDANTS**, under the Constitution and Laws of the United States of America and the Commonwealth of Puerto Rico. The **PLAINTIFFS** have suffered age discrimination while employed by the defendant, practice prohibited by the Constitution and Laws of the United States of America, **29 U.S.C. §§623, et. seq**, and by Title VII of the Civil Rights Act of 1964, **42 U.S.C. §2000e**, and **2000e 2(a)(1)**, **29 L.P.R.A. §155(a)-(l)**, and others and the Commonwealth of Puerto Rico, **29 L.P.R.A. §§1323 and 1333**, and **29 L.P.R.A. §1341**. Pursuant to Puerto Rico Law, **29**

2

      **L.P.R.A. §1341**, the civil liability is for a sum equal to double the amount of the damages the action has caused the employee. §§ 701 et seq., 703(a)(1), **42 U.S.C.A. §§ 2000e et seq., 2000e-2(a)(1)**, and by Title VII of the Civil Rights Act of 1964, **42 U.S.C. §2000e**, **29 L.P.R.A. §155(a)-(l)**, and others and by Law 100 of the Commonwealth of Puerto Rico, **29 L.P.R.A. §§1323-1333, et. seq**. See **Arroyo v. Rattan Specialties, Inc.**, 117 D.P.R. 35, 64 (1986).

6. At all times herein mentioned plaintiff commenced to work with **defendant Aramark**, on **April 22nd, 2013**, as an **on sight coordinator**, stationed at **Angem Manufacturing** (a pharmaceutical company located at Juncos, Puerto Rico), where he had an assigned shift of **8:00 to 5:00 p.m.**, until the date of his constructive discharge, on **February 24th, 2014**. Plaintiff was earning **$19,760 ($9.50 p/h)** a year, plus benefits.

7. On or about **February 22, 2014** is arrested for having violated an order issued by a local Court of the Commonwealth of Puerto Rico, to not approach his ex-girlfriend, once his is released (**February 24, 2014**), together with an **electronic monitoring device**, he immediately informs of such to his supervisor at **Aramark**, **Mildred Román**, who in turns tells him that he cannot continue working at **Angem**.

8. The plaintiff continued **Aramark's Human Resources' Director, Irma López**, to see what was the status of him returning to work, who informed him that the information had been forwarded to **Aramark's** headcuarters and the they had to wait

3

for their decision on the matter.

9. On **April 15, 2014**, the plaintiff pleads guilty to lesser charge of the **Domestic Violence Law of the Commonwealth of Puerto Rico**, where he was referred to a special education program on the matter, which upon completion, all of the charges would be dismissed. On this same dated the plaintiff's **electronic monitoring device** was removed. Having the plaintiff completed this program, all of the charges were dismissed on **December 16, 2014**.

10. Interesting enough and once the plaintiff's **electronic monitoring device** is removed, on **April 21, 2014**, he is assigned to once again to work at **Aramark's** plant in Bayamón, PR., as an **on sight coordinator** until **June 2, 2014**, at which time he was reported sick, until **June 13, 2014**, where he once again calls **Aramark's Human Resources' Director, Irma López**, letting her know that he was already fit for the job, having this time **Ms. López** telling him that they did not have any work for him, due to a reduction in the demand for his work. The plaintiff knew was a total lie, for Aramark has recruited other employees in positions, similar to that of his and others he could qualify for.

11. On or about **August 2014**, he is notified with a copy of his background check issued by **Aramark's Corporated Headquarters**, where he a negative result had been obtained, he is further informed that the **Company** will make a decision on his case, on or before **August 12, 2014**.

12. The aforementioned information had been requested by **Aramark's Human Resources' Director, Irma López**, for which reason the plaintiff immediatedly called Ms. López to inquire about the result of the investigation, who said she did not know anything about it, letting the plaintiff know that she would call **Aramark's Corporated Headquarters** and let him know.

13. The plaintiff gave **Ms. López** a follow up on the matter, by phone and via electronic mail, who answer him that the matter was still under investigation.

14. Not having the plaintiff received any positive answer from Ms. López, he had no other option but to file a claim before the **Department of Labor of the Commonwealth of Puerto Rico/Antidiscrimination Unit**, which entity is designated by the **Equal Employment Opportunity Commission** (**EEOC**), to entertain these claims.

15. To this very date the plaintiff was replaced by a **younger employee** at the **Angem's** facility and further being discriminated against for having been placed an **electronic monitoring device** on his right leg.

16. Aramark's actions, in not wanting to call the plaintiff back and replacing him to his former position, is nothing but a constructive discharge.

17. The actions taken by **Aramark** is in violation of the laws of the United States of America and the Commonwealth of Puerto Rico, which prohibit age discrimination in the employment and by further discriminating against the plaintiff for having been

using an **electronic monitoring device** on his right leg, which to date has a completely clean criminal record.

18. Aramark's actions alleged herein were taken with malice and/or with reckless indifference to **PLAINTIFF'S** federally protected rights.

## SECOND CAUSE OF ACTION

19. The allegations contained in Paragraphs 1 through 18 are re-alleged as if fully incorporated herein.

20. The events described herein, including the discrimination of not wanting to replacing him to his former position, constitute illegal age discrimination, in violation of the Laws of the United Sates, for which the **PLAINTIFFS** is entitled to back pay and related benefits and interest thereon, compensatory damages, as well as punitive damages, and costs, interests, and attorney's fees.

21. Aramark has acted with gross disregard to the clearly settled rights of the plaintiff under the Constitution of the United States and the Commonwealth of Puerto Rico, and has incurred in outrageous, willful and wanton behavior which has caused great damage to him. Therefore, plaintiff is entitled to punitive and exemplary damages to penalize the defendant's acts and to deter the defendant from engaging in such conduct in the future, in the amount of **ONE HUNDRED TWENTY MILLION DOLLARS ($120,000,000)** against the defendant.

22. The above caption cause of action is an action for damages and declaratory and

injunctive relief brought by the **PLAINTIFF** against his former employer. The **PLAINTIFF** bring this action to remedy the deprivation of rights secured to him under the laws of the United States of America and the Commonwealth of Puerto Rico. The **PLAINTIFF** have suffered age discrimination while employed by the defendant, practice prohibited under the Constitution and Laws of the United States of America and the Commonwealth of Puerto Rico. The **PLAINTIFF** is entitled to back pay and related benefits, and interests thereon, and compensatory damages, as well as punitive damages, costs, interests, and Attorney's fees.

23. As a result of the events described herein, the **PLAINTIFF** has suffered considerable damages including a loss of past and future economic compensation for their work, and significant emotional and physical sufferings, mental anguish, loss of enjoyment of life, as well as an affront to their dignity as a human beings.

24. The **PLAINTIFF** have satisfied all of the procedural and administrative requirements set forth by the laws, having the **Equal Employment Opportunity Commission** issued, upon request, a **NOTICE OF RIGHT TO SUE**.

**WHEREFORE**, the **PLAINTIFF** prays that this Honorable Court:

25. Enter a Declaratory Judgment that the acts complained of herein are in violation of the laws which prohibit age in the workplace, as well as the Constitution and Laws of the United States of America and the Commonwealth of Puerto Rico. Plaintiff is likely to succeed on the merits of the underlying case. The defendant's actions, as herein

above stated, are in violation **Age Discrimination in the Employment Act** (**ADEA**), **29 U.S.C. §§623, et. seq.**, and by Title VII of the Civil Rights Act of 1964, **42 U.S.C. §2000e**, **29 L.P.R.A. §155(a)-(l)**, and others and by Law 100 of the Commonwealth of Puerto Rico, **29 L.P.R.A. §§1323-1333, et. seq**. See **Arroyo v. Rattan Specialties, Inc.**, 117 D.P.R. 35, 64 (1986).

26. Issue a preliminary and permanent injunction:

    (a) reinstating the **PLAINTIFF** to his respective position with the defendant;

    (b) enjoining the **DEFENDANT** and its agents, successors, employees, attorneys, and those acting in concert with them, from engaging in practices of age discrimination and other, against the **PLAINTIFF**.

27. Award the **PLAINTIFF** compensatory damages caused as a result of the illegal acts in excess of **$120,000**.

28. Award the plaintiff punitive and exemplary damages to penalize defendant's acts and to deter the defendant from engaging in such conduct in the future in the amount of **TWENTY MILLION DOLLARS** (**$20,000,000**).

29. Award the **PLAINTIFF** back pay, front pay, and related benefits and interests thereon in the amount no less than **$35,000**.[1]

30. Pursuant to the Laws of the Commonwealth of Puerto Rico, a party that causes,

---

[1] The Plaintiffs reserves their right to amend this complaint to change this amount if necessary, once the discovery process has been completed.

foments, or prolongs litigation as a result of its obstinacy, is liable for the successful party's reasonable attorney's fees.

31.  The **DEFENDANT** herein has been obstinate for which they are liable for **PLAINTIFFS'** reasonable attorney's fees.

32.  Pursuant to **Rule 44.3 of the Puerto Rico Rules of Civil Procedure**, a finding of obstinacy by the Court requires a mandatory imposition of pre-judgment interests from the date of the filing of the complaint, for which the plaintiffs are entitled to the award the costs of this action, together with reasonable attorney's fees.

33.  Award the **PLAINTIFF** prejudgment interests.

34.  Grant the **PLAINTIFF** such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 11th day of March of the year 2016.

By:  **PETER JOHN PORRATA**
     **#128901**

Law Offices of
**PETER JOHN PORRATA**
Capital Center Building
South Tower/Suite 602
239 Arterial Hostos Avenue
San Juan, PR  00918-1476
**email@peterjohnporrata.com**
T:  787.763.6500
F:  787.763.4566